**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROY DON ROBERTSON,

Plaintiff - Appellant,

v.

GEORGE LEARY, Counselor; BOB
TREVENSEN, Counselor; KORY
BOND, DEAN LARSEN, and
CENTRAL UTAH ALCOHOL
TREATMENT CENTER,

Defendants - Appellees.

No. 03-4010
(D. Utah)
(D.C. No. 2:00-CV-668-B)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the brief and appellate record, this panel has determined

unanimously to decide this case on the brief without oral argument. *See* Fed. R.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

App. P. 34(a)(2)(c). The case is therefore ordered submitted without oral argument.

Roy Robertson, a state prisoner proceeding pro se, appeals the district court's sua sponte dismissal for failure to state a claim upon which relief may be granted of his complaint filed pursuant to 42 U.S.C. § 1983. Mr. Robertson also seeks to proceed in forma pauperis. On May 19, 2000, Mr. Robertson was discharged from the Central Utah Alcohol Treatment Center after 80 days. The release summary indicates that, while at the treatment center, Mr. Robertson had received a prescription for opiate-based medications and was taking medications without supervision. While he was in the center, the facility sent progress reports to the state probation office in addition to the Utah district court.[1]

In his complaint, Mr. Richardson contended that (1) his counselors mentally abused and inadequately treated him, (2) he was treated unfairly and in a discriminatory manner while in the treatment center, (3) his counselors divulged personal information about him to a probation officer, and (4) defendant Larsen took Mr. Robertson's food stamps on two occasions, and (5) his counselors were in breach of contract. The district court dismissed Mr. Robertson's complaint for failure to state a claim, and gave Mr. Robertson thirty days to amend his

---

[1] The record does not indicate if and when the Utah state court referred Mr. Richardson to the treatment center.

complaint to state facts to cure this failure. Mr. Robertson amended his complaint on the first four claims, and omitted the last claim for breach of contract. Upon reviewing Mr. Robertson's amended complaint, the district court determined that Mr. Robertson "failed to allege facts which salvage any of his claims." Rec. doc. 20 (Dist. Ct. Order filed Sept. 27, 2002), at 2, and dismissed the complaint.

We agree with the district court that each of the first two contentions, inadequate and discriminatory treatment, fails to allege facts that might state a claim for relief and we therefore affirm the decision on these claims for substantially the reasons set forth by the district court in its orders dated September 27, 2002 and July 31, 2002, *see* Rec. docs. 20 and 18. As to the disclosure of personal information regarding his participation in the counseling program, Mr. Robertson appears to have signed a release allowing for the disclosure of this information to the state court and probation officer.

Finally, although the district court did not address the claim of the alleged conversion of his food stamps in its September 27, 2002 order, which appeared in Mr. Robertson's amended complaint, this claim fails as well, however, because Mr. Robertson has an adequate post-deprivation remedy under state law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional . . . deprivations of property by state employees, the state's action is not complete until and unless it

provides or refuses to provide a suitable postdeprivation remedy."); *see* Utah Code Ann. § 63-30-4(3)(a).

Accordingly we AFFIRM the decision of the district court and deny Mr. Robertson's motion to proceed in forma pauperis.

Entered for the Court,

Robert H. Henry
Circuit Judge